**PRIORITY SEND**

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   EDCV 15-00802-VAP (KKx)                    Date:  May 7, 2015

Title:     U.S. BANK NATIONAL ASSOCIATION, etc. v- STANDFORD E.
           MARTIN, et al.
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                              None Present
        Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

        None                               None

PROCEEDINGS:         MINUTE ORDER: (1) REMANDING ACTION TO THE
                     CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
                     SAN BERNARDINO AND (2) DENYING MOTION TO
                     REMAND AS MOOT (DOC. NO. 5) (IN CHAMBERS)

      On November 18, 2014, Plaintiff U.S. Bank National Association, as Trustee
for the Holder of Structured Asset Securities Corporation Mortgage Pass-Through
Certificates, Series 2006-BC4 ("U.S. Bank"), filed a Complaint in the California
Superior Court for the County of San Bernardino for Unlawful Detainer against
Defendants Standford E. Martin and Deborah Anderson ("Defendants") in case
number UDFS 1480288.  (See Not. of Removal (Doc. No. 1) Ex. A.)  On April 23,
2015, Defendants, appearing pro se, removed the action to this Court on the basis of
federal question jurisdiction, asserting that U.S. Bank violated the Protecting

MINUTES FORM 11                            Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 1

Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201. (See Not. of Removal at 3.) For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendants argue that U.S. Bank's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (Not. of Removal at 3.) Specifically, Defendants contend that U.S. Bank violated the PTFA by filing a state eviction proceeding before allowing 90 days to lapse. (Id.) Accordingly, Defendants contend that U.S. Bank's violation of federal law confers this Court with federal question jurisdiction.

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. From the face of the Complaint, however, U.S. Bank's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Furthermore, as the Ninth Circuit has recently held, the PTFA "does not create a private right of action." Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013). In other words, U.S. Bank is barred from suing Defendants under the PTFA. Thus, the argument that

EDCV 15-00802-VAP (KKx)
U.S. BANK NATIONAL ASSOCIATION, etc., v. STANDFORD E. MARTIN, et al.
MINUTE ORDER of May 7, 2015

U.S. Bank has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit.  As "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action.  See Cooper v. Washington Mut. Bank, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

Additionally, the Court notes that this is the second time that Defendants have removed this action to the district court.  On February 5, 2015, the Defendants removed this action in case number 5:15-cv-00217-VAP-KK.  This Court remanded on February 10, 2015, on the same grounds as discussed above.  U.S. Bank National Association v. Stanford E Martin, et al., 5:15-cv-00217-VAP-KK (C.D. Cal. Feb. 10, 2015) (Doc. No. 8).

The Court cautions Defendants that future attempts to remove this action may be grounds for monetary sanctions or a finding that they are vexatious litigants.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Riverside.  The pending Motion to Remand is denied as MOOT.

**IT IS SO ORDERED.**